

FILED IN CHAMBERS
U.S.D.C. Rome

DEC 04 2007

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ALVIN DEXTER SANFORD,

    Plaintiff,

v.

RICHARD PENNINGTON,
INVESTIGATOR J.H. McNATT, and
MYRON FREEMAN,

    Defendant.

CIVIL ACTION

NO. 1:07-CV-0708-RLV

O R D E R

This action under 42 U.S.C.A § 1983 arises from the plaintiff's arrest and subsequent medical care he received while incarcerated. Pending before the court are a Motion to Dismiss on behalf of Richard Pennington and J.H. McNatt[1] [Doc. No. 15] and a Motion for Sanctions and to Compel Defendant McNatt's Address for Service of Process by the plaintiff [Doc. No. 21].

On April 20, 2005, the plaintiff was arrested by the City of Atlanta police for statutory rape and pandering based on statements

---

[1]The record contains many discrepancies with respect to defendant McNatt's proper name. First, the plaintiff refers to him in the complaint and in subsequent submissions as both "McWatt" and "McNatt." Second, although the complaint names "J.H. McNatt," the defendant has filed the pending motion to dismiss under the name "J.C. McWatt." Meanwhile, the police reports and arrest affidavits relied on by the defendant himself refer to a "J.H. McNatt" and "James McNatt." Because the complaint and the official documents subscribed by the defendant state his name as "J.H. McNatt," that is how this court will refer to him in this case.

from a sexual assault victim. Before being arrested at his home, the plaintiff was recovering from urinary retention, prostatitis, and epididymitis. While in pre-trial detention at the Fulton County Jail, the plaintiff's condition apparently worsened, and then during his bond hearing two large cysts on his scrotum burst. The plaintiff alleges that he was denied treatment despite being an emergency. A few days later, the plaintiff was treated at Grady Hospital in Atlanta, Georgia. There, it was determined that he had no blood flow to his left testicle and, consequently, it was removed with the plaintiff's consent.

The plaintiff asserts his claims pursuant to § 1983 and alleges wrongful arrest and denial of medical treatment in violation of his constitutional rights. Two of the defendants in this case, Richard Pennington, Chief of the Atlanta Police Department, and J.H. McNatt, an investigator with the Atlanta Police Department, move this court to dismiss the claims pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

As an initial matter, the court notes that the denial of medical treatment claim arises from his incarceration in the Fulton County Jail, not the Atlanta City Jail or any other detention facility operated by the Atlanta City Police Department. Consequently, the denial of medical treatment claim against

2

defendants Pennington and McNatt, both of whom acted on behalf of the Atlanta City Police during the relevant times, is dismissed because they cannot be liable for any conduct that occurred at a detention facility not operated by their department. The only apparently proper party against whom the medical treatment claim can be alleged is the other defendant in this matter, Fulton County Sheriff Myron Freeman.

Upon considering a motion to dismiss, the court accepts the allegations in the complaint as true and construes them in a light most favorable to the plaintiff. See United States v. Gaubert, 499 U.S. 315, 327 (1991). To survive a motion to dismiss, a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1964 (2007)(quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Specific factual allegations are not required to adequately state the grounds for a claim. Instead, a complaint need contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 1974.

Focusing solely on the wrongful arrest claim against Pennington and McNatt, and in light of the plaintiff's pro se status, this court construes the complaint liberally and in favor of the plaintiff. Determining whether the plaintiff can survive

the motion to dismiss his § 1983 claim first requires looking at whether he has sufficiently pleaded a constitutional violation. Porter v. White, 483 F.3d 1294, 1303 (11th Cir. 2007).

An arrest violates the Fourth Amendment if there is no probable cause. Wood v. Kesler, 323 F.3d 872, 878 (11th Cir. 2003). The extent of the facts alleged to support the plaintiff's wrongful arrest claim are (1) that he had not seen the victim in over a year and (2) that he was not "Perry," the man the victim had identified as her attacker. Absent from the complaint is any allegation that McNatt lacked probable cause to arrest the plaintiff. Rather, the essence of the plaintiff's claim is that he was wrongfully arrested because he had not seen the victim in over a year and was not the man named "Perry."

However, a claim of innocence or mistaken identity such as this, even if true, does not necessarily constitute a violation of the plaintiff's rights. See Pickens v. Hollowell, 59 F.3d 1203, 1207 (11th Cir. 1995). To rise to the level of an unconstitutional arrest, the claim must allege a lack of probable cause or an unreasonable belief on the part of the arresting officer that probable cause existed. See Wood, 323 F.3d at 878. While there may be a constitutional violation if the probable cause used to support an arrest is based upon an officer's misstatements or

omissions, <u>Dahl v. Holley</u>, 312 F.3d 1228, 1235 (11th Cir. 2002), there is no such allegation here. Consequently, without alleging that the police had no probable cause to arrest him or that such probable cause was obtained through an officer's misstatements or omissions, the plaintiff has failed to sufficiently allege a constitutional violation.

Therefore, having failed to sufficiently plead a constitutional violation upon which relief can be granted, the wrongful arrest claim against Richard Pennington and J.H. McNatt is DISMISSED; because these defendants are employed by the Atlanta Police Department and could not be liable for the plaintiff's treatment at the Fulton County Jail, the deliberate indifference claim against Pennington and McNatt is also DISMISSED. Thus, the defendants' Motion to Dismiss [Doc. No. 15] is GRANTED; the plaintiff's Motion for Sanctions and to Compel [Doc. No. 21] is DISMISSED as MOOT.

SO ORDERED, this 4th day of December, 2007.

ROBERT L. VINING, JR.
Senior United States District Judge